

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF OREGON**

<table>
<tr><td>TRISH M. BROWN<br>CHIEF JUDGE</td><td>1050 SW SIXTH AVENUE, #700<br>PORTLAND, OREGON 97204<br>(503) 326-1592</td><td>STEPHEN A. RAHER<br>LAW CLERK<br><br>SUZANNE M. MARX<br>JUDICIAL ASSISTANT</td></tr>
</table>

March 14, 2019

Laura L. Donaldson
Kuni Donaldson LLP
1975 SW First Ave, Suite H
Portland, OR 97201
**VIA CM/ECF ONLY**

Justin Steffen
205 SE Spokane St., Suite 300
Portland, OR 97202

Re:     *In re Kelley Harumi French*, Case No. 15-33301-tmb7
        Objection to Claim No. 5

Dear Counsel:

This matter came before the court on two claim objections filed by Debtor, concerning claims 5 and 6 in the above-referenced case. The court held an evidentiary hearing on March 4, 2019, at which Debtor was represented by Laura Donaldson and creditor Justin Steffen appeared pro se.

The parties are familiar with the record, and there is little dispute as to material facts; therefore, I will not recount the factual background in detail. In brief, this objection concerns a prepetition civil suit filed by Debtor against Cathy Bennett. Ms. Bennett prevailed and the state court awarded her attorney fees pursuant to Oregon Revised Statute 20.082(2). Although the state court announced that fees would be awarded prior to Debtor's chapter 7 petition, the amount of the award had not been determined and reduced to judgment by the petition date. Accordingly, it falls to this court to determine the correct amount of the fee award.

Justin Steffen, who served as Ms. Bennett's counsel in the state-court litigation, submitted a fee itemization with his amended Claim No. 5-2, showing 53.5 hours of time spent on the case, and seeking payment at a rate of $200 per hour, or a total of $10,700. Mr. Steffen reduced this amount to $9,700, to reflect payment he actually received from Ms. Bennett.[1]

The parties agree that Mr. Steffen's fee must be reasonable, and that reasonableness is determined by ORS 20.075(2). The parties disagree about two general aspects: the appropriate

---

[1] Ms. Bennett paid $1,000 to Mr. Steffen and filed her own proof of claim, which appears on the court's claims register as Claim No. 6. Debtor originally objected to both proofs of claim, but withdrew her objection to Claim No. 6 at the March 4 hearing.

hourly rate, and the reasonableness of the time expended by Mr. Steffen on the litigation. I will address each issue in turn.

## Hourly Rate

The starting point for determining an appropriate hourly rate is the rate (if any) actually charged by the attorney. Mr. Steffen provided his fee agreement as a trial exhibit, but redacted the hourly rate, claiming attorney-client privilege. I conclude that the privilege is inapplicable under clearly articulated Ninth Circuit law. *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("Not all communications between attorney and client are privileged. Our decisions have recognized that the identity of the client, *the amount of the fee*, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." (emphasis added)).

Mr. Steffen's contract with Ms. Bennett provided for an hourly rate of $150. I do not agree with Debtor that it is unethical for Mr. Steffen to seek a fee award based on a higher rate; but, on the other hand, I do not find that Mr. Steffen justified his proposed rate of $200 per hour as a matter of fact. Under ORS 20.075(2)(c), I must base the fee award on rates "customarily charged in the locality for similar legal services. As evidence of customary rates, Debtor and Mr. Steffen both cited the Oregon State Bar 2012 Economic Survey, which I agree is a relevant metric. *Precision Seed Cleaners v. Country Mutual Ins. Co.*, 976 F.Supp.2d 1228, 1244 (D. Or. 2013) ("As a benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality, this Court uses the most recent Oregon State Bar (OSB) Economic Survey."). Mr. Steffen practices in the tri-county metropolitan area and was admitted to the Oregon bar in 2012. Accordingly, at the time of the underlying litigation, Mr. Steffen had been practicing for less than three years. The 2012 OSB Survey lists a median rate of $150 for lawyers with 0-3 years of experience and practicing in the tri-county area. I therefore find that Mr. Steffen's contract rate of $150 is the appropriate hourly rate, and Mr. Steffen did not provide countervailing evidence that would justify increasing this rate.

## Time Entries

Part of the reason that less experienced lawyers generally charge lower hourly rates is precisely because they are more likely to spend a greater amount of time on any given matter than a lawyer with substantially more experience. Thus, having prevailed on the question of hourly rate, Debtor is not then entitled to second-guess every time entry on Mr. Steffen's bill. Nonetheless, this is precisely what Debtor did at the evidentiary hearing. Having reviewed the pleadings in the state-court litigation, I note that Debtor zealously prosecuted her case, thus requiring Mr. Steffen to brief various issues, file numerous motions, and attend several hearings. While Mr. Steffen may not have litigated the case with absolute perfection, he did so competently and he prevailed in a case that was by no means a proverbial "slam dunk." Accordingly, I will generally decline Debtor's invitation to judge Mr. Steffen's time entries with the benefit of hindsight. Nonetheless, I will reduce his billed time in two specific areas, as described below.

First, Mr. Steffen charged his full hourly rate for travel time to and from the courthouse. Generally accepted practice is to charge reduced rates for attorney travel, as indicated by this

court's Local Bankruptcy Rule 2016-1(b)(2)(C)(i).[2]  I conclude that Mr. Steffen should be compensated for travel time at half his normal rate, which can be mathematically accomplished by dividing his travel-time entries in half.  I have identified travel-time entries on August 18, 2014 and January 14, February 4, February 13, and July 13, 2015, totaling 3.7 hours.  Based on the testimony at the evidentiary hearing, I also find that .3 hours of the June 24, 2015 entry are likely related to travel time.  Accordingly, Mr. Steffen's total travel billing of 4 hours will be reduced to 2 hours.

Second, there are two limited areas in which I find that Mr. Steffen spent excessive time on a given task.  First, I find the June 9, 2015 time entry for 1.9 hours to draft and file motions for extension of time and appearance by phone to be unreasonable because counsel previously filed similar motions in this same case.  Second, while I do not fault Mr. Steffen for diligently preparing for trial (even a trial as simple as the one in this case), his time entry of 12.4 hours on June 23 does strike me as excessive.  I will reduce these two entries by half, from 14.3 hours to 7.15.

**Result**
As previously mentioned, Mr. Steffen's fee itemization reflects total time of 53.5 hours.  I have subtracted 2 hours related to travel time and 7.15 hours for excessive time entries, thus yielding an adjusted total of 44.35 hours.  At an hourly rate of $150, this results in a total fee of $6,652.50.  Finally, after deducting the amount attributable to Claim No. 6, this yields a net claim of $5,652.50.  Ms. Donaldson should upload an order consistent with this ruling within seven days of the date of this letter.

Very truly yours,

Trish M. Brown

---

[2] Because this local rule is not directly applicable to Mr. Steffen's billing, I cite it simply as evidence of general custom.