

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON**

TRISH M. BROWN
CHIEF JUDGE

1050 SW SIXTH AVENUE, #700
PORTLAND, OREGON 97204
(503) 326-1592

STEPHEN A. RAHER
LAW CLERK

SUZANNE M. MARX
JUDICIAL ASSISTANT

May 20, 2019

Justin Steffen
Steffen Legal Services, LLC
2015 SE Spokane St. #300
Portland, OR 97202

Laura L. Donaldson
Kuni Donaldson, LLP
1975 SW First Ave., Ste. H
Portland, OR 97201

**VIA CM/ECF ONLY**

Re: *In re Kelly Harumi French*, Case No. 15-33301-tmb7
Motion for Attorney Fees

Dear Counsel:

This matter stems from a proof of claim filed by Justin Steffan, who successfully defended creditor Cathy Bennett against a prepetition state-court lawsuit filed by Debtor. Mr. Steffan obtained a judgment of dismissal and an award of attorney fees pursuant to ORS 20.082. Although the state court announced that Ms. Bennett was entitled to an award of attorney fees, the amount of the award had not been determined and reduced to judgment on the date that Debtor filed her chapter 7 petition. Mr. Steffan filed a proof of claim

On September 24, 2019, Mr. Steffan filed a proof of claim asserting that he was entitled to a total of $10,700 as an "Attorney fee award in a civil case, per ORS 18.082." Claim No. 5-2. Debtor objected to the proof of claim and asked that it be disallowed in full. ECF No. 29. On March 4, 2019, the court held an evidentiary hearing, at the conclusion of which the court took the matter under advisement. On March 14, 2019, the court issued a letter opinion ruling that Mr. Steffan's claim should be allowed in the net amount of $5,652.50. ECF No. 53. On March 29, 2019, the court entered an order resolving Debtor's claim objection, and ordering that "The Claim of Steffan Legal Services, LLC (Claim 5) shall be allowed in the reduced sum of $5,652.50." ECF No. 56. The March 29 order was submitted by Debtor's counsel, who certified pursuant to Local Bankruptcy Rule 9021-1(a)(2) that she had circulated a copy of the order to Mr. Steffan, and given him the requisite three days to object to the form thereof. On April 9, 2019, the court entered an order directing the trustee to pay allowed claims in this case. ECF No. 59. Mr. Steffan did not object to the April 9 order.

The matter before the court today arises from a Motion for Attorney Fees (the "Motion," ECF No. 60) filed by Mr. Steffan on April 10, 2019. In the Motion, Mr. Steffan seeks $4,637.50 in additional fees, attributable to the time he spent litigating Debtor's claim objection. Debtor filed a response objecting to the Motion and purporting to make a "counter-motion for fees for stay violations." ECF No. 61. I will deny the Motion because it is not timely and Mr. Steffan has forfeited the right to seek additional fees.

In the Motion, Mr. Steffan contends that he is entitled to fees for the claim-objection litigation because that proceeding arose from his prepetition claim under ORS 20.082. Assuming for the sake of argument that Mr. Steffan is entitled to claim these fees, his request comes too late. Claim Number 5-2 asserted a claim for the "[a]ttorney fee award" related to the litigation between Debtor and Ms. Bennett. The court's March 29 order set the amount of that fee award at $5,652.50. Now that Mr. Steffan seeks additional fees arising from the same litigation, he is functionally seeking to amend the amount of his claim. Nowhere in Mr. Steffan's proof of claim, his response to Debtor's claim objection, or the order resolving the claim objection, did Mr. Steffan indicate that his claim was subject to amendment for additional fees.[1] Thus, to the extent that Mr. Steffan had a right to seek additional fees, he forfeited that right by not objecting to the April 9 distribution order or seeking an amended order allowing his claim within the time limits prescribed by Federal Rule of Bankruptcy Procedure 9023. *See Reid & Hellyer, APC v. Laski (In re Wrightwood Guest Ranch)*, 896 F.3d 1109, 1114 (9th Cir. 2918) ("Forfeiture is the failure to make the timely assertion of a right" (*quoting Hamer v. Neighborhood Housing Servs. of Chi.*, 138 S.Ct. 13, 17 (2017)).

As for Debtor's allegations of a stay violation, any purported "counter motion" is denied because it was not, in fact, raised by motion. It is well settled that the remedy for a stay violation is an order of contempt. *Beeler v. Harrison Jewell (In re Stanton)*, 303 F.3d 939, 941 (9th Cir. 2002). A debtor may seek an order of contempt via motion or adversary proceeding. *Fortune & Faal v. Zumbrun (In re Zumbrun)*, 88 B.R. 250, 252 (9th Cir. BAP 1988). Here, Debtor has made an allegation of contempt in a response to Mr. Steffan's motion, which is procedurally improper. Therefore, any request for a finding of contempt is denied.

Very truly yours,

Trish M. Brown

---

[1] The only indication that Mr. Steffan gave of his intent to amend his claim following the April 9 evidentiary hearing was one cursory sentence buried in his pre-hearing memorandum, which referenced the possibility of "a subsequently motion filed by Mr. Steffen." ECF No. 49, at 7. Because Mr. Steffan never pursued this argument at the hearing, I hold that he abandoned it. *See Lacy v. Belleque*, No. 08-1300-AA, 2010 WL 3866719, at *4 (D. Or. Sep. 21, 2010) ("Issues raised in a brief which are not supported by argument are deemed abandoned" (*quoting Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (internal quotation marks omitted)).